**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Edward Beaty, | ) No. CV-92-2076-PHX-SRB |
| Petitioner, | ) <u>DEATH PENALTY CASE</u> |
| vs. | ) |
| Charles L. Ryan, et al., | ) **ORDER** |
| Respondents. | ) |

This is a terminated habeas action. This Court denied relief, the Ninth Circuit affirmed, the Supreme Court denied certiorari and the mandate has issued. (*See* Dkts. 333, 336); *Beaty v. Ryan*, 130 S. Ct. 364 (2009). Pending before the Court, the parties have jointly requested that this Court issue an Order authorizing a confidential contact visit between Petitioner and a neuropsychologist, in support of Petitioner's upcoming clemency application. (Dkt. 343.)

A federal court's jurisdiction is limited to cases and controversies. *See* U.S. Const. art. III, § 2; *Powell v. McCormack*, 395 U.S. 486, 496 n.7 (1969). A claim is moot when it loses its character as a present live controversy; a federal court does not have jurisdiction to issue an order upon a moot claim. *See Hall v. Beals*, 396 U.S. 45, 48 (1969); *American Rivers v. National Marine Fisheries*, 126 F.3d 1118, 1123 (9th Cir. 1997). Because mootness is jurisdictional, federal courts must consider the question independent of the parties' arguments. *See Cammermeyer v. Perry*, 97 F.3d 1235, 1237 n.3 (9th Cir. 1996); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (stating that parties cannot stipulate to subject matter jurisdiction where none exists).

A district court acting under an appellate court's mandate is to obey the terms of the mandate and carry it into effect. *See Kansas City S. Ry. Co. v. Guardian Trust Co.*, 281 U.S. 1, 11 (1930) ("The mandate required the execution of the decree. The District Court could not vary it or give any further relief."); *Caldwell v. Puget Sound Elec. Apprenticeship and Training Trust*, 824 F.2d 765, 767 (9th Cir. 1987) (district court cannot give relief beyond the scope of the mandate). Other than execution of the mandate, this Court has no further subject matter jurisdiction in this case. *Id.*

The parties request that the Court enter an Order authorizing a confidential contact visit to take place between Petitioner and his mental health expert. This request is denied because it is beyond the scope of executing the mandate issued by the Ninth Circuit Court of Appeals.[1]

Accordingly,

**IT IS HEREBY ORDERED** denying stipulation for order allowing confidential contact visit with Petitioner. (Dkt. 343.)

**IT IS FURTHER ORDERED** that the Clerk of the Court update the title of this case to reflect the substitution of Charles L. Ryan as the Director of the Department of Corrections.

DATED this 23rd day of June, 2010.

_____
Susan R. Bolton
United States District Judge

---

[1] The Court believes that Petitioner will not be prejudiced by this Order as he may seek relief in state court where he is litigating a successive post-conviction relief petition related to Arizona's lethal injection protocol. *See State v. Beaty*, Maricopa County Superior Court, No. CR-0140790.