**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Edward Beaty,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-92-2076-PHX-SRB<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

In this terminated habeas action the Court has denied relief, the Ninth Circuit has affirmed, the Supreme Court has denied certiorari, and the mandate has issued. (*See* Dkts. 333, 336); *Beaty v. Ryan*, 130 S. Ct. 364 (2009). Following issuance of the mandate, Petitioner moved the Court to issue an Order that would assist his factual development of a future state clemency application he plans to file. (Doc. 343.) Noting lack of jurisdiction, the Court denied Petitioner's motion, and denied reconsideration. (*See* Doc. 346, 349.) Petitioner has noticed an appeal to the Ninth Circuit regarding the Court's Orders. (Doc. 350.) The Court has evaluated these Orders for suitability for issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1); Rule 11(a), 28 U.S.C. foll. § 2254.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that an applicant cannot take an appeal unless a certificate of appealability has been issued by an appropriate judicial officer. Rule 11(a), 28 U.S.C. foll. § 2254, provides that the district judge must either issue or deny a certificate of appealability when it enters a final order adverse to the

applicant. If a certificate is issued, the court must state the specific issue or issues that satisfy 28 U.S.C. § 2253(c)(2). Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the matter should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In this case, where the Court has determined that it lacks subject matter jurisdiction over a motion, however, it also lacks jurisdiction to grant a certificate of appealability. *Cf. Williams v. Chatman*, 510 F.3d 1290, 1294-95 (11th Cir. 2007) (stating that if the district court lacked subject matter jurisdiction over a FED.R.CIV.P. 60(b) motion, it also lacked jurisdiction to grant a certificate of appealability).

Accordingly,

**IT IS HEREBY ORDERED** denying issuance of a certificate of appealability (Doc. 350); this Court is without jurisdiction in the matter.

DATED this 31st day of August, 2010.

_____
Susan R. Bolton
United States District Judge